IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DIILLON, ) | |
| ) | Case No. CV-03-321-S-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| CITY OF McCALL, Municipal ) | |
| Corporation of the State of Idaho; the ) | |
| CITY OF McCALL POLICE ) | |
| DEPARTMENT; OFFICER JOHN ) | |
| ARTHUR KOCH,[1] Individually and in his ) | |
| Official Capacity; STEVE WOLF, ) | |
| Individually and in his Official Capacity as ) | |
| Chief of McCall Police Department; and ) | |
| JOHN DOES I - X, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## BACKGROUND

Plaintiff Michael Dillon commenced this action in the District Court of the Fourth Judicial District of the State of Idaho on July 21, 2003. The action was timely removed to this court on August 1, 2003. On March 25, 2005, plaintiff, together with his spouse, filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the District of Idaho, Case No. 05-

---

[1] Officer John Koch is a Military Police Officer stationed in Baghdad. These deadlines are subject to his upcoming discharge, which is set for April 2006.

01115-TLM, and notice of the filing was given this court on April 21, 2005. Review of the files of the bankruptcy court reveal that Schedule B of the Schedule of Assets and Liabilities filed in the bankruptcy proceeding include this lawsuit as an asset and it has not been claimed as exempt on Schedule C. Although a discharge was entered on July 13, 2005, the bankruptcy case remains open.

## DISCUSSION

This court has an obligation to examine *sua sponte* its jurisdiction in this matter.[2] It is clear the claims stated in the complaint are assets of the bankruptcy estate, ownership of them having passed by operation of law when plaintiff filed his voluntary petition in this case.[3] Accordingly, exclusive jurisdiction is properly in the bankruptcy court given the general reference to the bankruptcy court of all matters arising under title 11, United States Code.[4] However, this court may withdraw the reference for cause, in whole or in part, on its own motion.[5]

> In determining whether cause exists, the district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum

---

[2] *See Bender v. Williamsburg Area School District*, 745 U.S. 534, 541 (1986).

[3] 11 U.S.C. §541(a)(1), (2); *Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002 (9th Cir. 2005).

[4] General Order 38; *see also* 28 U.S.C. §157(a).

[5] 28 U.S.C. §157(d).

shopping, and other related factors.[6]

A district court should also take into consideration whether the matter depends on bankruptcy law for its existence or whether the outcome is dependent upon non-bankruptcy law.[7] It also necessary that the district court articulate its reasons for withdrawing the reference.[8]

This action was initiated by the plaintiff in the District Court for the Fourth Judicial District in July 2003 and has been pending in this court since its removal in August of that year. This court has already issued its pretrial orders, entered rulings on motions, has pending before it motions that are ripe for argument and decision, and is generally already familiar with the legal and factual issues presented; these efforts will have be duplicated by the bankruptcy court if the reference is not withdrawn. In addition, because a jury trial has been demanded and it is unknown whether the parties will agree to trial by jury before the bankruptcy court,[9] retaining this court in the bankruptcy court could result in additional delay in bringing it to a conclusion. Therefore, withdrawal of the reference is in the interests of judicial efficiency and will likely prevent additional

---

[6] *Security Farms v. International Brotherhood of Teamsters, Chauffers, Warehousemen, & Helpers,* 124 F.3d 999, 1008 (9th Cir.1997)

[7] *Id.*

[8] *Cantor v. Cantor* (*In re Cantor*), 299 F.3d 1150, 1154 Cir. 2002)

[9] 28 U.S.C. §157(e).

cost and/or delay to the parties.  Moreover, the outcome of this case on the merits is controlled by principles of federal non-bankruptcy law; its outcome is not dictated or affected, directly or indirectly by bankruptcy law.

When the cause of action passed to the bankruptcy estate, the trustee became the real party in interest and plaintiff Michael Dillon no longer has standing to maintain this action.[10]  However, the court may not dismiss a case until a reasonable time has been allowed for ratification or commencement of the action by, or joinder or substitution of the real party in interest.[11]

## ORDER

IT IS THEREFORE ORDERED THAT the general reference to the U.S. Bankruptcy Court, District of Idaho, of the matter entitled *In re Michael Robert Dillon and Jennifer Ann Dillon*, Bankruptcy Case No. 05-01115-TLM, and those matters related thereto, is WITHDRAWN as to this case and the matters and controversies at issue herein.

IT IS FURTHER ORDERED THAT, unless the bankruptcy trustee in *In re Michael Robert Dillon and Jennifer Ann Dillon*, Bankruptcy Case No. 05-01115-TLM is substituted as the real party in interest, or otherwise ratifies or

---

[10] Fed. R. Civ. P. 17(a) [made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7017]; *see also Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004).

[11] Fed. R. Civ. P. 17(a).

joins in this action on or before February 28, 2006, the case will be dismissed.



DATED: **January 25, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court